**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| David Oppenheimer and Performance Impressions, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> Carolina Sun Properties, LLC d/b/a Berkshire Hathaway Home Services Carolina Sun Real Estate, <br><br> Defendant. | Case No. 2:17-cv-3266-RMG <br><br> **COMPLAINT** <br><br> (JURY TRIAL DEMANDED) |

COME NOW David Oppenheimer and Performance Impressions, LLC, Plaintiffs in the above captioned action, and, complaining of Defendants, Carolina Sun Properties, LLC d/b/a Berkshire Hathaway Home Services Carolina Sun Real Estate, and show this Court as follows:

1. This is a civil action for copyright infringement arising under the Constitution, laws, or treaties of the United States and is a civil action arising under an Act of Congress relating to copyrights.

2. Plaintiffs invoke the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, pursuant to 28 U.S.C. § 1338(a) because it is related to copyrights, and pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

3. This case is governed by the Copyright Act, 17 U.S.C. § 101, et seq., and laws supplemental thereto and amendatory thereof.

4. At all times material hereto, Plaintiff David Oppenheimer (hereinafter "Oppenheimer") was and is a citizen of the State of North Carolina, residing in Asheville, NC.

5. At all times material hereto, Oppenheimer was and is a professional photographer and sells prints and licenses his works through his company, Performance Impressions, LLC.

6. At all times material hereto, Plaintiff Performance Impressions, LLC (hereinafter "Performance"), was and is a limited liability company created and existing by virtue of the laws of the state of North Carolina, with a place of business in Asheville, NC.

7. Performance was and is in the business of licensing, and selling for profit photographs and visual images created by Oppenheimer.

8. On information and belief at all times material hereto, Defendant Carolina Sun Properties, LLC was and is a real estate company with a principal place of business in or around Charleston, South Carolina.

9. On information and belief at all times material hereto, Berkshire Hathaway Home Services Carolina Sun Real Estate was and is a real estate company with a principal place of business in or around Charleston, South Carolina

10. This Court has personal jurisdiction over Defendant Carolina Sun Properties, LLC d/b/a Berkshire Hathaway Home Services Carolina Sun Real Estate (collectively "Carolina Sun") because Carolina Sun conducts systematic and continuous business within this judicial district, Carolina Sun's agents and affiliates can be found within this judicial district, and acts giving rise to the Complaint occurred within this judicial district.

11. On information and belief at all times material hereto, Carolina Sun was and is in the residential real estate brokerage business in the Charleston, SC area.

12. On information and belief at all times material hereto, Carolina Sun advertised its brokerage services on the internet through websites or social media profiles managed by Carolina

Sun and its agents.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and pursuant to 28 U.S.C. § 1400(a) because Carolina Sun conducts systematic and continuous business within this judicial district and acts giving rise to the Complaint occurred within this judicial district.

## FOR A FIRST CAUSE OF ACTION
(Direct Copyright Infringement)

14. Plaintiffs restate the above allegations as if set forth herein verbatim.

15. On or before 2012 Plaintiffs created a photographic image depicting an aerial shot of Wild Dunes ("Photograph 1").

16. On or before 2012 Plaintiffs created a photographic image depicting the Village at Wild Dunes ("Photograph 2").

17. Photograph 1 and Photograph 2 (collectively "the Photographs") are owned by Oppenheimer.

18. The subject photographs are not in the public domain.

19. On or around May 19, 2012, Plaintiffs registered Photograph 1 with the United States Copyright Office under registration number VAu 1-102-583.

20. On or around July 16, 2012, Plaintiffs registered Photograph 2 with the United States Copyright Office under registration number VAu 1-108-074.

21. From that date, Plaintiffs have held all the exclusive rights to the Photographs, including, without limitation, the rights to reproduce the Photographs, to prepare derivative works, to distribute copies to the public, and to display the work publicly. 17 U.S.C. § 106.

22. Plaintiffs published the Photographs on one or more websites with numerous copyright notices including a watermark with clear copyright management information.

23. On information and belief, Carolina Sun began infringing uses of the Photographs in commercial advertisements, which promoted the sale of Carolina Sun's real estate brokerage services to the public in interstate commerce.

24. On information and belief, said commercial advertisements including infringing uses of the Photographs were widely displayed and made publicly available on the internet.

25. Without authority of the copyright owner or the law, Carolina Sun, by and through its agents, reproduced, displayed, distributed, and used the subject photograph for its direct financial benefit.

26. The said acts of Carolina Sun constituted direct and willful infringement of Plaintiffs' copyrights in the subject photograph. 17 U.S.C. § 504(b) and (c).

27. As a direct and proximate result of said infringement of Plaintiffs' copyrights, Plaintiffs have suffered actual damages in an amount to be determined upon the trial of this action and have incurred, and will in the future incur, attorneys' fees and costs of this action.

28. On information and belief, as a direct and proximate result of said willful infringement of Plaintiffs' copyrights, Carolina Sun as infringer has posted gross revenues in an amount to be determined by the jury, which may be deemed to be a measure of infringer's profit. 17 U.S.C. § 504(b).

29. In the alternative, Plaintiffs are entitled to elect statutory damages for Defendants' willful copyright infringement. 17 U.S.C. § 504(c).

30. In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

## FOR A SECOND CAUSE OF ACTION
(Vicarious Copyright Infringement)

31. Plaintiffs restate the above allegations as if set forth herein verbatim.

32. On information and belief, Carolina Sun's website consultants furthered the financial interests of Carolina Sun by advertising Carolina Sun's real estate brokerage services.

33. On information and belief, Carolina Sun's website consultants reproduced, displayed, distributed, and used the Photographs on one or more web pages in connection with advertising featuring Carolina Sun's trade name, its logo, and its trade dress.

34. On information and belief, Carolina Sun had the right and ability to supervise its website consultants and their infringing activity.

35. On information and belief, Carolina Sun had a direct financial interest in advertising its real estate brokerage services.

36. As a consequence of its financial interest and its right and ability to supervise, Carolina Sun has vicarious liability for copyright infringement.

37. As a direct and proximate result of the said infringements of Plaintiffs' copyrights, Plaintiffs have suffered actual damages in an amount to be determined upon the trial of this action and have incurred, and will in the future incur, attorneys' fees and costs of this action.

38. On information and belief, as a direct and proximate result of the infringements of Plaintiffs' copyrights, Carolina Sun as infringer has posted gross revenues in an amount to be determined by the jury, which may be deemed to be a measure of infringer's profit. 17 U.S.C. § 504(b).

39. In the alternative, Plaintiffs are entitled to elect statutory damages. 17 U.S.C. § 504(c).

40.     In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

PLAINTIFFS' PRAYER

WHEREFORE, by reason of the foregoing, Plaintiffs demand trial by jury of all issues of fact, and pray that summons issue as to Defendant; that Defendant be cited and made to appear and answer the aforesaid matters; that process in due form of law according to the practice of this Court issue against Defendant; that judgment be rendered for Plaintiffs and against Defendant for actual damages and all additional profits, and for an award of attorneys' fees and costs of the action; or, in the alternative, upon Plaintiffs' election, that judgment be rendered for Plaintiffs and against Defendants for maximum statutory damages; and that judgment be rendered for Plaintiffs and against Defendant for declaratory relief, injunctive relief, attorneys' fees, and costs of the action; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

Respectfully Submitted,

**WYCHE, P.A.**

s/ Meliah Bowers Jefferson
_____
Wallace K Lightsey (D.S.C. Id. No. 1037)
Meliah Bowers Jefferson (D.S.C. Id. No. 10018)
Post Office Box 728
Greenville, S.C. 29602
Telephone: 864-242-8200
Telecopier: 864-235-8900
Email: mjefferson@wyche.com,
wlightsey@wyche.com

ATTORNEYS FOR PLAINTIFFS,
DAVID OPPENHEIMER and PERFORMANCE
IMPRESSIONS, LLC

Dated: December 4, 2017